the president pronounced the following opinion of the Court, consisting of Judges Fleming, Roane, Brooke, and Coalter.
“ The Court is of opinion, that although either of the parties to the original decree pronounced in this cause, might, in a summary way, have resorted to the Court of Chancery for its further interposition, if deemed necessary, (under the special reservation in the said decree contained,) they might also proceed by bill, as was done in the present instance; that mode being equally justified by the terms of the reservation aforesaid, and beneficial to the parties; and that a final decree having been pronounced in, and upon, the charge made in tue bill aforesaid, it was competent to the appellant to evoke the same, by way of appeal, to this Court. But the Court is of opinion, that both the said decrees of the Superior Court of Chancery are erroneous, in the following particulars: first, In proceeding to decree in the cause without making the other distributees of the estate of Joseph Sheppard, deceased, including the appellant, in his character of administrator of William Sheppard, deceased, (one of those distributees,) as also the executors of Benjamin Sheppard, the father and heir, as is suggested, of the said William Sheppard, parties to the said suit $ the same being necessary, not only on the ground of doing complete justice between all parties, and of avoiding a multiplicity of suits, but also, for the purpose of enabling the appellant to establish his just discounts, if any, against such last-mentioned parties respectively : secondly, In decreeing to the appellees a sum of money, in the character oí assignee of Edmund James's share of the said Joseph Sheppard's estate, and in that of distributee of William Sheppard, deceased, when neither of the said claims are demanded, or put in issue, by the bill: *41 Stod, thirdly, in confining the recovery, in the said decrees, £o the goods of the said Joseph Sheppard,, the intestate, instead of making it the proper debt of the appellant, his administrator; the sum so decreed being established as duo by him on account of his administration of the (¿state aforesaid.55
“ The Court is further of opinion, that the said first decree is also erroneous j first, in decreeing the sum therein mentioned to be distributed in favour of persons not parties to the said cause ; secondly, in not ascertaining, particularly, into how many parts, or portions, the said sum was to be distributed; and, thirdly, in not allowing the appellant his commissions for administering the estate aforesaid, at the same titae that it refused payment of an account for his necessary expenses concerning the same. And the Court is further of opinion* that the said last decree is also erroneous; first, in carrying the interest, due upon the balances of the respective years, into the accounts of the succeeding years, thereby converting that interest into principal, and making it bear interest, instead of letting the balances due at the end of each year, as aforesaid, (exclusive of such interest,) carry interest up to the time of payment; and also in applying the payments to the discharge of the interest, and not of the principal, contrary to the rule settled by this Court in the case of Granberry against Granberry; which interest, the Court is of opinion, ought to be paid by him, because it appears there were considerable balances in his hands at the end of each year, which, under the circumstances of this case, it was improper in him to have retained; and, secondly, in omitting to compel the appellees to give bond, to refund, in cases of debts afterwards appearing against the estate, according to ike provisions of the act in such case made and provided?'*
*42 " It was therefore decreed, &c. that both decrees be reversed with costs, and that ,the cause be remanded, for PurPose °f making the parties, deemed necessary as aforesaid ; of amending the bill, so as to embrace, and be commensurate with, the whole subject now decreed ^ aforesaid"; and to be finally proceeded in pursuant to the principles before declared.
“ And, for the purpose of preventing further litigation, in a cause already much protracted, the Court is induced to add, that it approves the principles of the last decree ; except as is before excepted; and, particularly, of the rejection of all the articles contained in the appellant’s account against the female appellee, while an infant and unmarried, (except the items for wedding clothes, admitted by the other appellee i) the same being neither established by testimony, nor, probably, of a character, under all the circumstances of the case, to form a just charge in the present instance. The Court also approves the allowance in this case of a commission of five per cent, in lieu of all expenses ; as allowed in the report made in this cause j the same being properly charged, upon the sum received in each year, and deducted ih stating the balances at the end thereof.”

 Note. The -words of the Act of Assembly apply only to an administrator*) not an fixecutor* ' '